UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SAMANTHA HOGGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:16-cv-01570-SGC |
| WOLF-N-GO, LLC, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Presently pending is the motion for summary judgment filed by Defendants, Wolf-n-Go, LLC, and Greg Wolf *d/b/a* Coosa Mart. (Doc. 28). The motion is unopposed. (Doc. 34). Plaintiff's amended complaint alleges Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 and the Civil Rights Act of 1991 ("Title VII"). (Doc. 23). In order to prevail, Plaintiff must show Defendants are subject to Title VII's protections. In particular, Plaintiff must show Defendants were "employers" who, at all times relevant to the action, employed fifteen or more employees.[1]

In the motion for summary judgment, Defendants state Coosa Mart has never had more than four employees at any one time. (Doc. 28 at ¶ 5); *see also* Affidavit of Greg Wolf (Doc. 29-1). Further, Defendants state Coosa Mart "did not have employment relationships with fifteen or more individuals for each working day in the [period at issue], or at any time in its operations."

---

[1] For purposes of actions brought under Title VII, the following applies:

> The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person.

42 U.S.C. §2000e(b).

(*Id.* at ¶ 7). As to Wolf-n-Go, LLC, Defendants state that entity has never employed Plaintiff, has never owned nor operated Coosa Mart, and did not have employment relationships with fifteen or more individuals at any time in its operations. (*Id.* at ¶¶ 8-10). In sum, Defendants contend it is undisputed that they do not meet the threshold requirements to be held liable under the cause of action Plaintiff relies upon.

Plaintiff does not contest the facts set forth in Defendants' motion and concedes they are entitled to summary judgment as to all claims. (Doc. 34).[2] Thus, the court finds the undisputed facts set forth in the motion establish Defendants' exemption from Title VII. Accordingly, Defendants are entitled to judgment as a matter of law on all of Plaintiff's claims and the motion for summary judgment (Doc. 28) is due to be granted.

A separate order of judgment will be entered.

**DONE** this 9th day of August, 2017.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[2] In support of her concession, Plaintiff states she has diligently investigated her claim through discovery, including a review of payroll records, records from the Alabama Department of Industrial Relations, and affidavits submitted by Defendants. (Doc. 34 at 1).